UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-244(1) (NEB/LIB)

UNITED STATES OF AMERICA,

Plaintiff,

v.

**PLEA AGREEMENT AND
SENTENCING STIPULATIONS**

MOLANDAS DIONNE JOHNSON,
a/k/a Momo,

Defendant.

The United States of America and defendant MOLANDAS DIONNE

JOHNSON (hereinafter referred to as the "defendant") agree to resolve this case on

the terms and conditions that follow. This plea agreement binds only the defendant

and the United States Attorney's Office for the District of Minnesota (hereinafter "the

United States" or "the Government"). This agreement does not bind any other United

States Attorney's Office or any other federal or state agency.

1.    **Charges**.  The defendant agrees to plead guilty to Count One of the

Indictment, which charges the defendant with Conspiracy to Distribute Controlled

Substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The

defendant fully understands the nature and elements of the crime with which he has

been charged.

2.    **Factual Basis**.  The defendant is pleading guilty because he is in fact

guilty of Count One of the Indictment. In pleading guilty, the defendant admits the

following facts and that those facts establish his guilt beyond a reasonable doubt and

constitute relevant conduct pursuant to the United States Sentencing Guidelines: On

1

SCANNED
JUL 07 2022
U.S. DISTRICT COURT MPLS

or about July 19, 2021, the defendant flew to Los Angeles, California, in order to send methamphetamine to the District of Minnesota. On July 20, 2021, the defendant brought five pounds of methamphetamine to a Post Office in California and shipped it to an address in Bemidji, Minnesota. After surveillance officers observed the defendant ship the package, agents obtained a search warrant to seize the methamphetamine and replace it with a similar appearing substance. Days later officers conducted a controlled delivery of the package in Bemidji and observed other individuals picking up the package. As for relevant conduct, the defendant stipulates and agrees that he conspired to distribute at least 1.5 to 5 kilograms of methamphetamine. The defendant stipulates and agrees that he conspired and reached an agreement with other persons to distribute methamphetamine; that he intended to aid other members of the conspiracy by distributing methamphetamine, storing methamphetamine for future distribution, and receiving cash proceeds; that he acted knowingly and voluntarily when he joined the agreement to distribute methamphetamine; and that he knew his actions violated the law.

3.      **Waiver of Pretrial Motions**.  The defendant understands and agrees that the defendant has certain rights to file pre-trial motions in this case.  As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4.     **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5.     **Additional Consequences**. The defendant understands that as a result of his conviction, he could be assessed the costs of prosecution and experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6.     **Statutory Penalties**. The defendant understands that Count One of the Indictment is a felony offense that carries the following statutory penalties:

      a.     a mandatory minimum of 10 years' years in prison;

b.      a maximum of life in prison;

c.      a supervised release term of at least 5 years;

d.      a maximum fine of $10,000,000; and

e.      a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A);

7.      **Revocation of Supervised Release**. The defendant understands that if he were to violate any condition of supervised release, the defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

8.      **Guidelines Calculations**.    The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence. The parties stipulate to the following guidelines calculations:

a.      Base Offense Level. The Parties agree the base offense level for the violation in paragraph 2, above, is **32** (at least 1.5 kilograms but less than 5 kilograms of methamphetamine mixture) or **36** (at least 1.5 kilograms but less than 4.5 kilograms of actual methamphetamine). U.S.S.G. §§ 2D1.1(c)(4).

b.      Specific Offense Characteristics. The Parties agree no specific offense characteristics apply.

c.      Chapter 3 Adjustments. The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

d.      Acceptance of Responsibility. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the government of the defendant's intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional 1-level reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report.

e.      Criminal History Category. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category III.  U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

f.      Guidelines Range. If the adjusted offense level is 29, and the criminal history category is III, the Sentencing Guidelines range is **120-135** months of imprisonment.  If the adjusted offense level is 33, and the criminal history category is III, the Sentencing Guidelines range is **168-210** months of imprisonment.

g.      Fine Range. The Sentencing Guidelines fine range is $30,000 to $10,000,000. U.S.S.G. § 5E1.2(c)(4).

h.      Supervised Release. The Sentencing Guidelines require a term of supervised release of at least 5 years. U.S.S.G. § 5D1.2(c).

9.      **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court.  The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion.  The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category.  The Court may also depart from the applicable Guidelines range.  If the Court or the Probation Office determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10.     **Agreements as to Sentencing Recommendation**. The government agrees to recommend a sentence to the mandatory minimum of 120 months' imprisonment. If the Court does not accept the sentencing recommendation of the government, the defendant will have no right to withdraw his guilty plea.

11.     **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to Guideline § 5E1.3. The defendant agrees to pay the special assessment prior to sentencing.

12.     **Forfeiture.**  The defendant agrees to forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2), any and all property constituting, or derived from, any proceeds the defendant obtained directly or indirectly as a result of Count

6

One of the Indictment, and any and all property used, or intended to be used, in any manner or part to commit or to facilitate the commission of said violations.

13.     **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

14.     **Complete Agreement**. This, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

ANDREW M. LUGER
United States Attorney

Date: July 6, 2022

BY: BRADLEY M. ENDICOTT
Assistant United States Attorney

Date: July 6 22

MOLANDAS DIONNE JOHNSON
Defendant

Date: 7/6/22

THOMAS H. SHIAH
Counsel for Defendant

7